**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gloria SYLIANTENG, Defendant— Appellant.**

**No. 02–50130.**

**D.C. No. CR–00–00332–GHK.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2002.*

Decided Feb. 11, 2003.

Before BROWNING, KOZINSKI, and WARDLAW, Circuit Judges.

MEMORANDUM**

A jury convicted Gloria Sylianteng of eighteen counts of wire fraud and one count of making a false statement in a bankruptcy case. The district court sentenced her to 121 months in prison and ordered her to pay more than five and one half million dollars in restitution. We affirm.

Sylianteng argues that the District Court abused its discretion by increasing her offense level to reflect that her fraud was "committed through mass-marketing." U.S. Sentencing Guidelines Manual § 2F1.1(b)(3) (1998). A district court's application of the Sentencing Guidelines to the facts of a particular case is reviewed for an abuse of discretion. *United States v. Alexander,* 287 F.3d 811, 818 (9th Cir. 2002). As the application notes to U.S.S.G. § 2F1.1 explain:

> "Mass-marketing," as used in subsection (b)(3), means a plan, program, promotion, or campaign that is conducted through solicitation by telephone, mail, the Internet, or other means to induce a large number of persons to (A) purchase goods or services; (B) participate in a contest or sweepstakes; or (C) invest for financial profit.

*Id.,* cmt. n. 3.

Sylianteng admits that she "did send postcards to her investors informing them

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of upcoming investment 'projects,' " specifically the golden Buddha project. Appellant's Opening Brief at 6. It was not an abuse of discretion for the District Court to conclude that sending those postcards transformed Sylianteng's scheme into the sort of "plan, program, promotion, or campaign ... conducted through solicitation by ... mail ... or other means to induce a large number of persons to ... invest for financial profit" contemplated by U.S.S.G. § 2F1.1(b)(3). It is irrelevant that the only persons to whom Sylianteng sent the postcards were persons she had previously contacted through word-of-mouth.

Sylianteng also objects to the amount of restitution the district court ordered her to pay. In ordering restitution, the district court followed the recommendations of the PSR. A defendant waives objections to the factual conclusions of a PSR by affirmatively confirming those conclusions before the district court. *See United States v. Flores*, 172 F.3d 695, 701 (9th Cir.1999); *United States v. Bauer*, 84 F.3d 1549, 1563 (9th Cir.1996). Counsel for Sylianteng affirmatively confirmed the conclusions of the PSR at sentencing, and therefore Sylianteng's objection is waived.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.